IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| WILLIAM CHRISTOPHER PALMER, ) )<br>          Plaintiff, ) )<br>v.                                           ) )<br>GARFIELD COUNTY DETENTION ) FACILITY, et al.,                ) )<br>          Defendants. ) | Case No. CIV-21-00528-JD |

## ORDER

Before the Court is a Report and Recommendation [Doc. No. 7] issued by United States Magistrate Judge Shon T. Erwin on June 24, 2021, recommending that the Court dismiss Plaintiff's Complaint [Doc. No. 1] brought under 42 U.S.C. § 1983. Judge Erwin recommends that Plaintiff's claims against Defendant Garfield County Detention Center ("GCDC") (misnamed Garfield County Detention Facility) be dismissed with prejudice on the grounds that GCDC is not a suable entity for purposes of 42 U.S.C. § 1983, and that Plaintiff's claims against Defendants Ben Crooks, Daylon Rivers, John Burton, and Mya Burkes, in their official and individual capacities, be dismissed without prejudice for failure to state a claim. [Doc. No. 7 at 7]. Judge Erwin advised Plaintiff that the deadline to file an objection to the Report and Recommendation was July 12, 2021, and that Plaintiff's failure to timely object would waive his right to appellate review of the recommended dismissal. [*See* Doc. No. 7 at 7]. *See also Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

Plaintiff filed an Objection to the Report and Recommendation [Doc. No. 8] on or about July 14, 2021.[1] In that Objection, Plaintiff argues that his lawsuit should not be dismissed because he has evidence that supports his claims. He does not challenge the Magistrate Judge's conclusions that Garfield County Detention Facility is misnamed and should be GCDC, or that that defendant is not a proper Defendant in this lawsuit.

Having reviewed the matters to which Plaintiff objected *de novo*, consistent with 28 U.S.C. § 636(b)(1), the Court finds that the Magistrate Judge's conclusions are fully supported. In a civil action in which a prisoner seeks redress from a governmental entity or an officer or employee of a governmental entity, the Court shall dismiss the complaint or any portion of the complaint if it fails to state a claim on which relief may be granted. 28 U.S.C. § 1915A(b).

"[T]o state a claim in federal court, a complaint must explain what each defendant did to [the *pro se* litigant]; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe Cty. Just. Ctr.*, 492 F.3d 1158, 1163 (10th Cir. 2007). Plaintiff's Complaint does not do this. It alleges that "[i]nmates from H-Pod escaped and invaded G-Pod to cause harm and assault some inmates" and that the Defendants were negligent and failed to protect Plaintiff [Doc. No. 1 at 7]. But the Complaint fails to explain *what* each defendant did (or failed to do) that was negligent

---

[1] Plaintiff's objection is deemed filed on the date he gave it to prison authorities for mailing. *Price v. Philpot*, 420 F.3d 1158, 1164 n.4 (10th Cir. 2005) (citing *Dunn v. White*, 880 F.2d 1188, 1190 (10th Cir. 1989) (per curiam)). Plaintiff's objection is dated July 4, 2021, but the envelope is postmarked July 14, 2021. [Doc. Nos. 8, 8-2].

toward, or amounted to a failure to protect, Plaintiff, *when* each defendant did it, *how* each defendant's actions harmed Plaintiff, and *what* specific legal rights Plaintiff believes each defendant violated. Accordingly, the Court agrees with the Magistrate Judge that Plaintiff's Complaint fails to state a claim against Defendants Ben Crooks, Daylon Rivers, John Burton, and Mya Burkes.

Plaintiff argues that he has evidence to support his claims. [*See* Doc. No. 8-1]. For example, Plaintiff asserts that Defendant Burkes failed to ensure that the doors separating H-Pod from G-Pod were locked and shut properly. [*Id.*]. He also states that Defendant Burton was the CPL on duty at the time, and that no guards came to stop the attack from H-Pod for over an hour, and that Defendant Rivers came in that night to "assist." [*Id.*]. However, in determining whether a Complaint fails to state a claim, "[t]he court's function . . . is not to weigh *potential* evidence that the parties might present at trial. Rather, the 'facts' in the case are limited to the well-pleaded allegations in the complaint." *Aspen Orthopaedics & Sports Med., LLC v. Aspen Valley Hosp. Dist.*, 353 F.3d 832, 840 (10th Cir. 2003) (cleaned up); *see also MacArthur v. San Juan Cty.*, 309 F.3d 1216, 1221 (10th Cir. 2002) (in deciding motion to dismiss for failure to state a claim, "a federal court generally should not look beyond the confines of the complaint itself" (internal quotations omitted)). Because none of the facts asserted in Plaintiff's Objection are contained in the Complaint, the Court does not consider them at this stage.

Having determined that dismissal of Plaintiff's claims is warranted, the Court evaluates whether he should be granted leave to amend. "'Ideally, if it is at all possible that the party against whom the dismissal is directed can correct the defect in the pleading

or state a claim for relief, the court should dismiss with leave to amend.'" *Brever v. Rockwell Int'l Corp.*, 40 F.3d 1119, 1131 (10th Cir. 1994) (quoting 6 C. Wright & A. Miller, Federal Practice & Procedure, § 1483, at 587 (2d ed. 1990)). However, leave to amend is not automatic and may be properly denied where an amendment would be futile. *Anderson v. Suiters*, 499 F.3d 1228, 1238 (10th Cir. 2007).

In this case, any amendment regarding Plaintiff's claim against GCDC would be futile as that is not a proper entity under 42 U.S.C. § 1983. However, at this stage, the Court cannot conclude that an amendment would be futile as to Plaintiff's claims against Defendants Ben Crooks, Daylon Rivers, John Burton, and Mya Burkes. Plaintiff is therefore given leave to file an amended complaint as to his claims against these individual defendants (Ben Crooks, Daylon Rivers, John Burton, and Mya Burkes) if he chooses. If Plaintiff plans to file an amended complaint against these individual defendants, he must do so within fourteen days of today, or by August 4, 2021.

For the reasons discussed above, the Court ACCEPTS and ADOPTS the Report and Recommendation [Doc. No. 7] in its entirety. Accordingly, the Court DISMISSES Plaintiff's claims against the Garfield County Detention Center (misnamed as Garfield County Detention Facility), with prejudice, and DISMISSES Plaintiff's claims against Ben Crooks, Daylon Rivers, John Burton, and Mya Burkes, in their official and individual capacities, without prejudice.

Any amended complaint by Plaintiff shall be filed no later than fourteen days from the date of this Order, or by August 4, 2021, or this action will be terminated and this case closed.

IT IS SO ORDERED this 21st day of July 2021.

_____
JODI W. DISHMAN
UNITED STATES DISTRICT JUDGE